IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH CARR,

    **Petitioner,**

v.

UNITED STATES OF AMERICA,

    **Respondent.**

Case No. 20-CV-507-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

In case number 15-cr-30107-MJR, Joseph Carr pled guilty to: (1) distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c); (2) carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); (3) possession with intent to distribute a controlled substance in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(c); and, (4) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Carr was sentenced to the Bureau of Prisons for a total term of 168 months, which consisted of 108 months on each of Counts 1, 3 and 4, to be served concurrently, and a term of 60 months on Count 2 to be served consecutively to the terms imposed on all other Counts. Judgement was entered on December 16, 2015. Carr did not appeal his conviction. Carr was represented in this Court by Assistant Public Defender, Todd M. Schultz.

On June 1, 2020, Carr filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and the above-referenced civil case was opened.

1

Rule 4 of the Rules governing Section 2255 Proceedings for the United States District Courts directs the Judge who receives a § 2255 motion to examine the filing. If it plainly appears from the motion, any exhibits, and the record of prior proceedings that the moving party is *not* entitled to relief, the judge must dismiss the motion. Otherwise, the District Court must order the United States Attorney to file a response within a fixed time. Rule 8 of the Rules governing Section 2255 proceedings explains that if the motion is not dismissed, then depending on the issues raised and briefs filed, the judge must determine whether an evidentiary hearing is warranted. If an evidentiary hearing is set, counsel should be appointed for any petitioner who qualifies for appointed counsel under 18 U.S.C. 3006A. *Rules Gov. 2255 Proceedings 8(c).*

A one-year limitation period governs petitions to vacate, set aside, or correct a sentence. *28 U.S.C. § 2255(f); Narvaez v. United States,* 674 F.3d (7th Cir. 2011). The one-year period is triggered by the latest of four events and typically runs from "the date on which the judgment of conviction becomes final." *28 U.S.C. § 2255(f)(1); Clay v. United States,* 537 U.S. 522 (2003). As set forth *infra*, Carr's judgment was entered on December 16, 2015.

At first blush, Carr's petition appears to be untimely; however, the one-year filing period may be triggered by the events enumerated in 28 U.S.C. § 2255 (f)(2)-(4). For example, a petitioner who has not yet previously filed a Section 2255 petition may bring one within 1 year of a new Supreme Court decision that fits the criteria. *28 U.S.C. § 2255(f)(3).* Under this subsection, the limitation period shall run from the

2

latest of: (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". *Id.*

Within his petition, Carr presents several arguments and requests that the 60 month sentence rendered in Count 2, carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) be served concurrently with the other sentences imposed, and not consecutively. (Doc. 3). He specifically refers to the recent U.S. Supreme Court decision of *Davis* in support of his argument. *Id.* at 12.

In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, violating "the twin constitutional pillars of due process and separation of powers." *United States v. Davis,* 139 S.Ct. 2319. Section 924(c)(1)(A) provides for enhanced penalties for a person who uses or carries a firearm "during and in relation to," or who possesses a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." Section 924(c)(3) defines the term "crime of violence" as "an offense that is a felony" and:

- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, [the "force clause"] or

- (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].18 U.S.C. § 924(c)(3).

After *Davis*, only a crime of violence that fits the definition set out in the "force clause" of Section 924(c)(3)(A) will support an enhanced penalty. The decision in *Davis* was

delivered on June 24, 2019, which is less than one year before the filing of this petition on June 1, 2020. *Davis,* 139 S.Ct. 2319; Doc. 1.

Given the limited record and the still-developing application of *Davis*, it is not plainly apparent that Carr is not entitled to habeas relief. Without commenting on the merits of Carr's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2255 Cases in United States District Courts, and a response shall be ordered.

## DISPOSITION

**IT IS HEREBY ORDERED** that, in accordance with Amended Administrative Order No. 249 and 18 U.S.C. § 3006A(a)(1) & (c), the Office of the Federal Public Defender for the Southern District of Illinois ("FPD") is appointed to determine whether Petitioner may have a colorable claim for relief under *Davis*. The Clerk is **DIRECTED** to transmit a copy of this Order to the FPD. The FPD shall enter an appearance within 14 days of receipt of this Order.

**IT IS FURTHER ORDERED** that Respondent shall answer or otherwise plead in accordance with the briefing schedule below. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

1. Counsel for Petitioner will have 45 days from his or her entry of appearance to file either an amended petition pursuant to *Davis*, or a motion to withdraw. The Petitioner will have 30 days from the date of service to respond to a motion to withdraw.

2. The Respondent will have 45 days to file a response.

3. Counsel for Petitioner will have 30 days to submit a reply to the Respondent's response;

4. Requests for additional time will be considered on a case-by-case basis.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Dated: November 25, 2020

                                            **s/Stephen P. McGlynn**
                                            **STEPHEN P. McGLYNN**
                                            **U.S. District Judge**